3. "Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage or other encumbrance specifically set forth and described in paragraph D of this policy, this company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage, or other encumbrance."

4. "No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements."

An examination of the record leads us to the conclusion that the plaintiff is precluded from recovering by the terms of the policy both as to additional insurance and as to an encumbrance on the property unless there was a waiver by the defendant, and that there is not sufficient evidence of such waiver to support the answer to the fourth issue submitted to the county court:

Did the defendant, Homestead Fire Insurance Company, waive the breach, if any, by the plaintiff of conditions in the policy?

We are therefore of opinion that there was no error in the judgment of the Superior Court and that it should be affirmed. *Johnson v. Insurance Co., ante,* 362; *Greene v. Insurance Co.,* 196 N. C., 335; *Welch v. Insurance Co., ibid.,* 547; *Smith v. Insurance Co.,* 193 N. C., 446; *Roper v. Insurance Co.,* 161 N. C., 151; *Watson v. Insurance Co.,* 159 N. C., 639. Judgment

Affirmed.

GREEN RIVER MANUFACTURING COMPANY v. J. O. BELL ET AL.

(Filed 23 December, 1931.)

APPEAL by defendants from *Stack, J.,* at May Term, 1931, of HENDERSON.

Civil action to determine the rights of the parties under a consent judgment, tried upon the following issue:

"Is the plaintiff the owner of an easement or privilege in the water line, ditch, flume or conduit described in the complaint and entitled to get water from the reservoir on the lands of J. O. Bell, Jr., by virtue of the consent judgment rendered at the May-June Term, 1928, in the various cases then determined between Green River Manufacturing Company, F. D. Bell, J. O. Bell, and J. O. Bell, Sr., as alleged in the complaint? Answer: Yes."

Judgment on the verdict for plaintiff, from which the defendants appeal.

*Ewbank, Whitmire & Weeks for plaintiff.*
*Shipman & Arledge for defendants.*

PER CURIAM. No error has been shown in the trial court's interpretation of the consent judgment. This is all the case presents. The principles applicable were discussed in *Blankenship v. Dowtin,* 191 N. C., 790, 133 S. E., 199.

No error.

---

ALVIN BERRY v. DREXEL FURNITURE COMPANY AND GEORGIA
CASUALTY COMPANY.

(Filed 23 December, 1931.)

APPEAL by defendants from *Sink, J.,* at July Term, 1931, of Mc-DOWELL. Affirmed.

This is a proceeding begun before the North Carolina Industrial Commission for compensation under the provisions of the Workmen's Compensation Act of this State. Chapter 120, Public Laws, 1929; chapter 133A, N. C. Code of 1931.

Claimant was injured on 17 December, 1929, while engaged in work as a carpenter, constructing a dry-kiln for the Drexel Furniture Company at Morganton, N. C. He was employed to do said work by Everett Mull, who had undertaken to construct the dry-kiln under a contract with the Drexel Furniture Company. It was admitted that claimant's injuries were the result of an accident, and that they arose out of and in the course of his employment.

Claimant contended that Everett Mull, by virtue of his contract with the Drexel Furniture Company, was an employee or agent of said company, and employed him to do the work in which he was engaged at the time he was injured as such agent; and that for this reason he was an employee of the Drexel Furniture Company, and entitled to compensation under the provisions of the North Carolina Workmen's Compensation Act from the defendants, Drexel Furniture Company, and its insurance carrier, Georgia Casualty Company.

Defendants contended that Everett Mull by whom claimant was employed at the time he was injured, was an independent contractor with respect to the work in which claimant was engaged when he was injured; and that for this reason claimant was the employee of Everett Mull, and not of the defendant, Drexel Furniture Company, and is, therefore, not entitled to compensation from the defendants.

The proceeding was heard by Commissioner Dorsett, at Morganton, N. C., on 24 July, 1930. At this hearing the Commissioner found as a